UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROLLAND BIRTCHER II,**

    **Plaintiff,**

v.      Civil Action 2:22-cv-3464
    Magistrate Judge Chelsey M. Vascura

**OHIOHEALTH CORPORATION,**

    **Defendant.**

**OPINION AND ORDER**

Plaintiff, Rolland Birtcher, II, brings this action against Defendant OhioHealth Corporation under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §§ 4111, *et seq.* ("Ohio Wage Law"), and the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15 ("OPPA"), arising out of Defendant's alleged failure to pay compensation owing to Plaintiff. This matter is before the Court on the parties' Joint Motion for Court Approval of Settlement Agreement and General Release (ECF No. 23). Having reviewed the Joint Motion and its exhibits, including the Settlement Agreement and the Declaration of Robert E. DeRose, and for good cause shown, the Court **GRANTS** the Joint Motion (ECF No. 23) for the following reasons.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To

approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement).

Courts look to several factors when undertaking this inquiry, including (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Ousley*, 2023 WL 3470522, at *3; *Headspeth v. TPUSA, Inc.*, No. 2:19-CV-2062, 2022 WL 4094448, at *1 (S.D. Ohio Sept. 7, 2022) (citing *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011)). *See* 29 U.S.C. § 216(b), (c). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2019 WL 4233128, at *2 (S.D. Ohio Sept. 6, 2019) (quoting *Gentrup*, 2011 WL 2532922, at *8).

Here, there is a bona fide dispute as to liability and potential damages. The parties dispute whether Plaintiff has any further entitlement to compensation, and Defendant denies all liability. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. Indeed, settlement was reached after a mediation session with a retired District Court judge serving as mediator. *See Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion

2

between the parties."). The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals. Further, the proposed settlement for the FLSA claims is based on Plaintiffs' counsel's damages calculations. That is, the $107,795.82 settlement payment (inclusive of attorney's fees and costs) provides for one hundred percent of the amount Plaintiff alleged he is owed in unpaid overtime, one hundred percent liquidated damages under the FLSA, and six percent OPPA liquidated damages. (DeRose Decl. ¶ 10, ECF No. 23-2).

Moreover, the $32,119.08 portion of the settlement allocated to attorney's fees and costs represents 30% of Plaintiff's total recovery, which is well within the range found to be reasonable by this Court. *See, e.g., Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Morse v. NTI Servs., Corp.*, Case No. 2:20-cv-02173, 2021 WL 4350485 at *2 (S.D. Ohio Sept. 17, 2021) (finding attorney fees award that represents one-third of the total settlement amount are reasonable); *Bailey v. Paradies Shops, LLC*, Case No. 2:20-cv-2610, 2021 WL 3662466, at *6 (S.D. Ohio Aug. 18, 2021) (approving a request for attorney's fees in the amount of one third of the settlement fund and noting, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount"). Additionally, the Court acknowledges that a lodestar cross-check is not required. *See Estate of McConnell v. EUBA Corp*, No. 3:18-cv-355, 2021 WL 1966062, at *6 (S.D. Ohio May 17, 2021) (citing *Mitchell v. Indep. Home Care, Inc.*, No. 2:17-cv-717, 2019 WL 696941, at *7 (S.D. Ohio Feb. 20, 2019), *report and recommendation adopted*, 2019 WL 1125760 (S.D. Ohio Mar. 12, 2019)). Nevertheless, the Court notes the Plaintiff's

counsel's fees incurred to date exceed the amount requested by more than $3,500. (DeRose Decl. ¶ 12, ECF No. 23-2.)

It is therefore **ORDERED** as follows:

1. The Court finds that the settlement agreement is a fair and reasonable resolution of a bona fide dispute over the wage claims raised in this case;

2. The Court finds that the award of attorneys' fees and costs in the settlement agreement is reasonable;

3. The Court approves the settlement of this case; and

4. This case is **DISMISSED WITH PREJUDICE**, with each party to bear its own attorneys' fees and costs, except all court costs shall be borne by Defendant as agreed between the parties in the settlement agreement.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE